## MORIARITY v. WAGNER.

(Supreme Court, Appellate Division, Second Department. November 25, 1903.)

**1. LANDLORD AND TENANT—DISPOSSESSION—EXECUTION OF JUDGMENT—ACTS OF OFFICER—QUESTION FOR JURY.**

Where a warrant for the removal of the property of a tenant directed the officer to remove the tenant's property "from the store floor in the house and premises known as 512 West 42nd Street," and, in an action against the officer for the loss of plaintiff's property so removed, plaintiff's evidence tended to show that defendant entered and removed such property from a part of the building other than the "store floor," whether the property lost was so wrongfully removed was a question for the jury.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Philip Moriarity against Andrew Wagner. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

E. J. Heilner, for appellant.
Robert Lyon, for respondent.

WOODWARD, J. It is alleged in the complaint that the defendant, without lawful authority, entered premises occupied by the plaintiff, as tenant, at 512 West Forty-Second street, in the city of New York, removed therefrom certain personal property, and placed it on the sidewalk; and that as a result of such unlawful act the said property was lost, to the plaintiff's damage in the sum of which judgment is demanded.

The defense interposed was that, after judgment duly rendered by the Municipal Court of the city of New York in a summary proceeding brought by the plaintiff's landlord to recover possession of the said premises, a warrant was duly issued by a justice of the said court, and delivered to the defendant as a marshal of said city, commanding him to remove the plaintiff as tenant from the said premises, and to put the said landlord in full possession thereof; and that the plaintiff's property was removed from the said premises under authority of such warrant.

It is conceded that the warrant authorized the defendant to remove the plaintiff's property "from the store floor in the house and premises known as Number 512 West 42nd Street." The important

question to be determined at the trial was, what part of the premises occupied by the plaintiff was included in the "store floor"? The evidence of the plaintiff and his witnesses tended to show that the defendant entered and removed the plaintiff's property from a part of the building other than the "store floor," and it was for this unlawful act of the defendant that the plaintiff brought this action to recover damages. But it was a question of fact, and should have been submitted to the jury.

The judgment should be reversed, and a new trial ordered, costs to abide the event. All concur.